

FILED

SEP 30 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>JOSE CASTANEDA and BRENDA PEREZ,<br><br>Debtors. | Case No. 10-91750-D-13G<br>Docket Control No. FW-01<br><br>Date: September 21, 2010<br>Time: 10:00 a.m.<br>Dept: D (Courtroom 34) |

### MEMORANDUM DECISION

### I. INTRODUCTION

Jose Castaneda and Brenda Perez (the "debtors") have objected to the proof of claim filed by Aurora Loan Services, LLC ("Aurora"). For the reasons set forth below, the court will sustain the objection.

### II. BACKGROUND

The debtors filed a joint Chapter 13 petition on May 7, 2010. On June 18, 2010, Aurora timely filed its proof of claim, which the clerk denoted as Claim No. 2 (the "Claim"). The Claim indicates that as of the petition date the debtors owed arrearages on their mortgage with Aurora of $1,222.16 (the "Arrearage"). The Claim's sole description of, and explanation for the Arrearage is "escrow shortage." In their objection to the Claim, the debtors assert that they were current on all payments, and other obligations, owing to Aurora as of the petition date. Thus, the debtors object

to the Arrearage. In support of their objection, the debtors have filed the Declaration of Jose Castaneda, wherein he states that he was fully current on his loan with Aurora at the time he filed his Chapter 13. Mr. Casteneda further states he was fully current on the payment of the property taxes and insurance. Thus, the debtors argue that the Arrearage is inappropriate.

Aurora has filed a response to the debtors' objection; however, Aurora has submitted no evidence, whatsoever, to support the factual allegations in the response.

### III. ANALYSIS

This court has jurisdiction over the objection pursuant to 28 U.S.C. sections 1334 and 157(b)(1). The objection is a core proceeding under 28 U.S.C. section (b)(2)(B). The objection was brought pursuant to Federal Rule of Bankruptcy Procedure 3007.

A proof of claim executed and filed according to applicable rules is presumed to be prima facie valid. Fed. R. Bankr. P. 3001(f); see 11 U.S.C. § 501(a) (deeming a filed proof of claim as allowed). If the allegations in a proof of claim "set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). A proof of claim lacking documentation does not qualify for the evidentiary benefit of rule 3001(f), but that by itself is not a basis to disallow the claim. See In re Heath, 331 B.R. 424 (B.A.P. 9th Cir. 2005) (credit card claims).

The objecting party may overcome a proof of claim's presumptive validity by offering evidence of equally probative value in rebutting the evidence offered by the proof of claim.

Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage), 178 B.R. 222, 226-27 (B.A.P. 9th Cir. 1995, aff'd 91 F.3d 151 (9th Cir. 1996). With such an objection, the burden shifts back to the claimant to produce evidence meeting the objection and establishing the claim. Consolidated Pioneer, 178 B.R. at 226 (quoting In re Allegheny Internat'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

In this case, the debtors have offered evidence of equally probative value in rebutting the prima facie validity of the Claim. Specifically, the declaration of Jose Casteneda unequivocally states that he and his wife were fully current on their loan with Aurora as of the petition date. Aurora has not offered any evidence to rebut the objection or to support the Arrearage portion of the Claim.

### IV. CONCLUSION

For that reason the objection will be sustained as to the arrearage only and the court will issue an order accordingly.

Dated: SEP 30 2010

*/s/ Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Ann Marie Friend
P.O. Box 830
Modesto, CA 95353

Jose and Brenda Perez
2137 Orchard Creek Dr.
Newman, CA 95360

Russell Greer
P.O. Box 3051
Modesto, CA 95353-3051

Gabriel Ozel
Pite Duncan
P.O. Box 17933
San Diego, CA 92177-0933

Dated: SEP 30 2010

Andrea Lovgren